**In re Anonymous No. 25 D.B. 77**

Disciplinary Board Docket no. 25 D.B. 77.

SCHIAVO, *Board Member*, November 21, 1978—

## I. HISTORY OF PROCEEDINGS

A petition for discipline was filed by petitioner against respondent containing eight charges

and alleging violation of Disciplinary Rules 1-102(A)(3), 1-102(A)(4), 1-102(A)(5), 1-102(A)(6), 9-102(A), 9-102(B)(1), 9-102(B)(3) and 9-102(B)(4).

Voluminous testimony was elicited at the hearing of this case by the hearing committee (hearing committee [ ]), and the issue which finally surfaced as the central issue of the entire matter was a certain agreement between respondent and the estate of one [A] for the purchase by respondent of the law practice of [A], who had died a short time before. Respondent conducted his practice of law in [ ], [ ] County, Pa. [A] had also practiced law in [ ] County, Pa.

The first agreement between the parties occurred toward the end of October, 1974, when said estate was apparently represented by one Mr. [ ], an attorney. This agreement gave respondent the right to collect all of the fees on all cases worked on by Mr. [A] up until the time of his death but to pay one-third of that collected to said estate.

On or about November 8, 1974, one Mr. [B] introduced himself as successor legal counsel for the estate of [A] and served in that capacity from that time forward (and of which there is no dispute). Mr. [B], an attorney from New Jersey and evidently a friend of the [A] family, had several rather stormy sessions with respondent.

From the time of their initial meeting through January 10, 1975, the parties generally agreed to rescind the previous agreement for the purchase of the law practice of [A], and respondent generally agreed to present all files and records of the estate of [A] (which he then had in his possession) to Mr. [B] for his examination and prior to their entering into a new agreement for the purchase of said law practice which appeared to be their intention. In

late December of 1974, in response to a question from Mr. [B] as to what total collections respondent had made in all cases where [A] had instituted litigation or caused litigation to be instituted or had rendered substantial services, respondent presented a sum of $1,567.84 in total collections. Respondent did not report or indicate the balance of one [C] fee amounting to $9,408.59, which appeared to be fully earned by [A] prior to his decease and which had been paid to respondent by [C] as the successor to the practice of [A].

On January 10, 1975, working off said representations as to said total collections Mr. [B] on behalf of the estate of [A] entered into what is the final or ultimate agreement for the purchase of said law practice and accounts by respondent for the total sum of $5,000, that being the entire consideration for said purchase.

## II.   HEARING COMMITTEE REPORT

The hearing committee per its report of July 26, 1978, to this disciplinary board found that an incorrect impression of fact had been created by respondent as to the total collections in that said substantial [C] fee of which there were no others even comparable in size in the practice of [A] was not forthrightly presented to Mr. [B] in the estate of [A], and which quite probably would have led to a different standard of negotiations and change in purchase price.

The hearing committee found that while respondent had not violated Disciplinary Rule 1-102(A)(3), which provides for illegal conduct involving moral turpitude, it did find that respondent violated Rules of Professional Responsibility D.R.

1-102(A)(4), in that he had engaged in conduct amounting to a form of misrepresentation, D.R. 1-102(A)(5), in that he had engaged in conduct that is prejudicial to the administration of justice, and D.R. 1-102(A)(6), in that he had engaged in conduct that adversely reflects on his fitness to practice law. The hearing committee further recommended that respondent be given a private informal admonition by disciplinary counsel.

To this both petitioner and respondent excepted and filed briefs on exceptions to the hearing committee report, requesting oral argument.

On or about September 26, 1978, Alexander Unkovic, Chairman of the Disciplinary Board of the Supreme Court of Pennsylvania, appointed a panel of this board consisting of Messrs. Schiavo, Pearlstine and McDonnell to hear argument on said exceptions and which argument was heard on October 16, 1978, at the [ ] office of the disciplinary board.

It appeared that the thrust of respondent's exceptions was that the petition for discipline should be completely set aside and that of petitioner's exceptions was that public censure was the proper form of discipline that should be imposed.

### III. DISCIPLINARY BOARD ACTION

The panel appointed to hear oral argument in this matter has unanimously decided to affirm the findings and recommendations of the hearing committee.

While there does not appear to be an affirmative or outright misrepresentation made relative to the

accounting for [A's] practice by respondent, the disciplinary board, affirming the decision of the hearing committee, finds that an incorrect impression of fact was created by respondent and was known to be so by respondent. The hearing committee, the panel appointed to hear oral argument (which heard oral argument after reading the extensive transcript and reviewing the entire file on this matter), and this disciplinary board upon a review of the entire case finds that respondent must have known or certainly should have known that the whole mode of his action and his failure to address directly the issue or answer directly the question which Mr. [B] was attempting to get at or posit as a basis for final negotiations in the sale of the law practice of [A] were all critical to the consummation of the final sale.

The record is replete with numerous technicalities raised by respondent, including his making available to Mr. [B] the files of [A] which he had by then (in late 1974) in his possession as a result of the first abortive agreement of sale, but upon a review of the entire testimony, it appears as cold fact that such files were hundreds in number, and, as a practical matter, the [C] file which may have been a part thereof could not have reasonably been discovered by Mr. [B] or any of the heirs of [A], much as finding the proverbial "needle in the haystack."

Respondent, an attorney who has been active in the practice of law for a number of years, was well aware as to what facts are or are not critical in vendor-vendee transactions, especially such sensitive transactions as the sale of a law practice where the vendee himself is an attorney admitted to the bar of the Supreme Court of Pennsylvania.

What is more, when an attorney himself is involved in a vendor-vendee or business transaction, no matter what the subject matter of the transaction is, he nonetheless of necessity as a member of the legal profession brings into these as well as any other such dealings the professional requirements (as to him) of honesty, uprightness and fair dealing, a high standard of conduct that the public has a right to expect: Maryland State Bar Association, Inc. v. Agnew, 271 Md. 543, 318 A. 2d 811, 815 (1974); and Office of Disciplinary Counsel v. [   ], No. 52 D.B. 77. Said high standards were not met in this particular matter by respondent whose burden it was to dispel the incorrect impressions which he must have known were decisive in the final purchase negotiations.

The disciplinary board at its meeting held on November 3, 1978, voted to accept and affirm the report and recommendation of the hearing committee [   ] and the decision of the oral argument panel and hereby orders the imposition of an informal admonition as the proper discipline for respondent.

Mr. Reath abstained and Mr. Anderson did not participate in the adjudication.

## ORDER

And now, November 3, 1978, the report and recommendation of hearing committee [   ] dated July 28, 1978, is accepted; and it is ordered and decreed, that the said [respondent] of [   ] County, be subjected to an informal admonition by disciplinary counsel as provided in Rule 204(6) of the Pennsylvania Rules of Disciplinary Enforcement.